J-S13016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRE RON ARNEZ JACKSON | |
| Appellant | No. 597 WDA 2015 |

Appeal from the Judgment of Sentence entered March 11, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No: CP-02-CR-0007336-2014

BEFORE:  LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 13, 2016**

Appellant, Tre Ron Arnez Jackson, appeals from the judgment of sentence imposed on March 11, 2015 in the Court of Common Pleas of Allegheny County following revocation of his probation.  Following review, we affirm.

The trial court provided the following factual and procedural background:

> [Appellant] was charged with Rape, Sexual Assault, Aggravated Indecent Assault and Terroristic Threats.[1]  On October 6, 2014, [Appellant] appeared before this [c]ourt and, pursuant to a plea agreement with the Commonwealth, the Rape charge was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, 3125(a)(1), and 2706(a)(1).

amended to an Indecent Assault charge[2] and [Appellant] pled guilty to that new charge. The remaining charges were withdrawn. [Appellant] was immediately sentenced to a term of probation of two (2) years. No Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] next appeared before this [c]ourt on November 5, 2014 for a review hearing. At the conclusion of that hearing, [Appellant] was sentenced to a new term of probation of two (2) years, [and] ordered to take a denial polygraph. Additionally, other special conditions were imposed, including a zero tolerance condition. Again, no post-sentence motions were filed and no direct appeal was taken.

[Appellant] next appeared before this [c]ourt on March 11, 2015 for a review hearing. At the conclusion of the hearing, upon determining that [Appellant] had failed to report and to comply with the special conditions of his probation and that he was also charged with a new offense, this [c]ourt revoked his probation and imposed a term of imprisonment of one (1) to two (2) years. A timely Post-Sentence Motion to Modify Sentence was filed and was denied on May 18, 2015. This appeal followed.

Trial Court Rule 1925(a) Opinion, 9/22/15, at 1-2 (footnotes omitted).

Appellant and the trial court both complied with Pa.R.A.P. 1925.

Appellant presents two issues for this Court's consideration:

I.      Whether the trial court abused its discretion in sentencing [Appellant] to the maximum period of total confinement when none of the required factors pursuant to 42 Pa.C.S.A. § 9771(c) was applicable?

II.     Whether the trial court abused its sentencing discretion when it failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offenses and violation, and the character, personal history, and rehabilitative needs of [Appellant], as required by 42 Pa.C.S.A. § 9721(b)?

_____

[2] 18 Pa.C.S.A. § 3126(a)(1).

Appellant's Brief at 5.  Appellant's issues involve the discretionary aspects of sentencing.[3]  In **Commonwealth v. Allen**, 24 A.3d 1058 (Pa. Super. 2011), this Court stated:

> Our review of discretionary aspects of sentencing claims implicates the following principles:
>
> > [T]he proper standard of review when considering whether to affirm the sentencing courts determination is an abuse of discretion. . . .  [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. . . . An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. . . . The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.
>
> **Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 961 (2007) (internal citations omitted).  Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.  **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000).

**Id.** at 1064.

---

[3] "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).  The issue must have been preserved, however.  **Id.** at 1042.  Here, Appellant preserved the issue in his post-sentence motion and filed a timely notice of appeal.

When a challenge to the discretionary aspects of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f). Appellant has provided a statement that complies with the requirements of Rule 2119(f). Appellant's Brief at 12-17. In his statement, he contends the trial court ignored 42 Pa.C.S.A. § 9771(c), which imposes limitations on sentences of total confinement upon revocation of a probation order. *Id.* In *Sierra*, this Court recognized that the imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" and, as such, presents a substantial question. *Sierra*, 752 A.2d at 913 (citation omitted). *See also Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006).

In his Rule 2119(f) statement, Appellant also argues that the trial court failed to consider relevant sentencing criteria required by 42 Pa.C.S.A. § 9721(b), such as protection of the public, gravity of the offense, and Appellant's character and rehabilitative needs. Appellant's Brief at 13-15. In *Commonwealth v. Riggs*, 63 A.3d 780 (Pa. Super. 2012), this Court determined the appellant raised a substantial question by asserting that the trial court failed to consider the § 9721(b) criteria. *Id.* at 786.

- 4 -

We find Appellant has raised a substantial question in each of his two issues.[4] Therefore, we shall consider the merits of his claims.

In his first issue, Appellant argues the trial court abused its discretion by imposing a sentence of total confinement because none of the § 9771(c) factors were applicable. 42 Pa.C.S.A. § 9771(c) provides:

> **Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1)  the defendant has been convicted of another crime; or
>
> (2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)  such a sentence is essential to vindicate the authority of the court.

Although Appellant was charged with an additional crime, he was not convicted. Consequently, subsection (1) does not apply. Therefore, we turn to subsections (2) and (3).

At Appellant's March 11, 2015 revocation hearing, his counsel argued that Appellant had made mistakes but, as a young man with a one-year-old daughter, he had reasons to clean up his behavior. Notes of Testimony, Hearing, 3/11/15, at 4. He noted that Appellant was working for his

_____

[4] The Commonwealth concedes Appellant has raised a substantial question in each issue. Commonwealth Brief at 6. However, the Commonwealth disputes Appellant's contention that the trial court abused its discretion with respect to either § 9771(c) or § 9721(b). *Id.* at 6-11.

grandfather—earning $10 per hour—and anticipated the grandfather would increase Appellant's work hours if necessary to keep Appellant out of trouble. *Id.*

The trial court responded:

Well, that would be fine except in November, I already had a hearing, and he did – he was in noncompliance for the exact same things that he's in noncompliance for.

So from November on, he was not in compliance in fact, and I already had the zero tolerance hearing and he was smoking marijuana then. He's smoked marijuana since. He was in jail. I lifted the detainer. He's failed with treatment. He was arrested for the charges that were mentioned by the [probation officer]. Although I recognize it was a summary.

He was finally put in jail for testing positive for marijuana throughout the term of his probation. He has not done any treatment. He's continued to use drugs. He hasn't taken the polygraph.

*Id.* at 4-5.

Appellant complains that the trial court failed to address the § 9771(c) factors specifically and, therefore, the sentence must be vacated. We disagree. This Court rejected a similar argument in *Malovich*, announcing:

We also disagree with Appellant's assertion that the record does not show a consideration of the sentencing factors under 42 Pa.C.S.A. § 9771(c). The transcript from the sentencing hearing shows that Appellant was found in possession of marijuana while on probation. Possessing marijuana is a crime. The record thus reveals not just that Appellant was likely to commit another offense, but also that he had in fact done so by illegally possessing a controlled substance.

. . . .

Additionally, the tenor of the transcript convinces us that the sentencing court believed state incarceration was necessary to vindicate the court's authority: Appellant had not complied with previous judicial efforts such as Drug Court, probation and prior revocations. He had not been putting anything into the court-imposed rehabilitation efforts. It was important that Appellant begin to appreciate the seriousness of the situation. The foregoing comments by the court support total confinement under 42 Pa.C.S.A. § 9771(c). Appellant was not responding to the court's authority; incarceration was necessary.

We understand that the court did not quote from the statute in question or mention it by citation. However, the record as a whole reflects the court's reasons and its consideration of the code, the circumstances of the offense and the character of the offender. We are persuaded that the sentencing court considered the appropriate factors.

*Id.*, 903 A.2d at 1254 (internal quotations and citations to record omitted).

Similarly, the trial court's statements suggest the likelihood that Appellant is likely to commit another crime if not imprisoned—and, in fact, already had in the intervening period between his November 2014 and March 2015 hearings. Further, Appellant's disregard for his previous probationary terms supports a finding that the sentence was essential to vindicate the authority of the trial court. Therefore, just as in **Malovich**, we are persuaded that the sentencing court considered the appropriate factors and did not abuse its discretion in imposing a sentence of confinement. Appellant's first issue fails.

In his second issue, Appellant complains that the trial court abused its discretion by imposing a sentence without following the general principle that the confinement should be "consistent with the protection of the public,

the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). We disagree.

Section 9721(b) directs that when imposing a sentence following revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). However, as our Supreme Court has clarified:

> At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. ***See Commonwealth v. Reaves***, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).
>
> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at

the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless [authorized under 42 Pa.C.S. § 9771(c)].[5]

Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." See also Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

[F]ollowing revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant[.]

*Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014). Further,

where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Id.* at 28-29.

Here, Appellant does not suggest the sentence fell outside the

statutory bounds. Further, the trial judge was fully aware of the facts and

_____

[5] In disposing of Appellant's first issue, we explained that 42 Pa.C.S.A. § 9771(c)(2) and (3) authorized a sentence of total confinement in this case.

circumstances of Appellant's case and Appellant's actions, having presided over earlier proceedings, including his original sentencing and his first review hearing in November 2014. Moreover, as reflected above, the trial judge explained on the record the reasons for imposing Appellant's sentence of confinement following revocation of his probation. We find no abuse of discretion with respect to 42 Pa.C.S.A. § 9721(b). Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2016